IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRYAN ANTHONY REO,**

    Plaintiff,

v.

**ALLIANCE SECURITY INC.,**

    Defendant.

Case No.

## NOTICE OF REMOVAL

Defendant, Alliance Security, Inc., ("Alliance"), by its undersigned counsel, hereby removes the above-captioned action from the Court of Common Pleas of Lake County, Ohio to this United States District Court for Northern District of Ohio. As grounds for removal, Alliance states as follows:

## INTRODUCTION

This action involves allegations of alleged violations of a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and implementing regulations adopted by the Federal Communications Commission. Plaintiff seeks monetary relief in the form of statutory damages under the TCPA. In addition, Plaintiff alleges that Alliance violated the Ohio Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq.* ("OCSPA"), for which he also seeks monetary relief in the form of statutory damages and attorney fees. Plaintiff further seeks monetary damages for alleged invasion of privacy. Plaintiff's Prayer For Relief seeks damages "in an amount of money that exceeds Twenty-five Thousand dollars ($25,000.00) for general damages, statutory damages, treble damages, attorney's fees and costs" and for "all other relief

to which Plaintiff is entitled as a matter of law or equity." (*See*, First Amended Complaint, Prayer For Relief, ¶¶ 1, 2).

1. On or about, September 18, 2015, Plaintiff Bryan Anthony Reo filed a Complaint against Alliance in the Court of Common Pleas of Lake County, Ohio, styled *Bryan Anthony Reo v. Alliance Security Inc.*, Case No. 15-CV-001591 (the "Civil Action"). At the time the Complaint was filed, Plaintiff instructed the Clerk to refrain from and withhold serving the Complaint upon Alliance. A Copy of the docket sheet from the Clerk of Courts for the Lake County Court of Common Pleas together with all process, pleadings and other documents served on Alliance are collectively attached hereto as **Exhibit 1**.

2. On or about October 21, 2015, Plaintiff was ordered to reissue service within 21 days of the date of the Court's Journal Entry. Thereafter, Plaintiff filed his First Amended Complaint on or about November 3, 2015. A copy of the First Amended Complaint was issued by certified mail to Alliance on November 13, 2015, bearing USPS Tracking No. 9414726699042051980558. *See*, **Exhibit 1**. Alliance received a copy of the First Amended Complaint on November 24, 2015. A copy of the signature card filed in the office of the Lake County Clerk of Courts together with the confirmation of delivery for USPS Tracking No. 9414726699042051980558 are collectively attached hereto as **Exhibit 2.**

**Federal-Question Jurisdiction**

3. This Court has original jurisdiction over the Civil Action pursuant to 28 U.S.C. § 1331 because the Complaint alleges violations of a federal statute, the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and implementing regulations adopted by the Federal Communication Commission. (*See* First Amended Complaint at ¶¶ 1, 22-33); *see*

*also,* Charvat v. NMP, LLC, 656 F.3d 440, 445-46, (6th Cir. 2011), *citing* Charvat v. EchoStar Satellite, LLC, 630 F.3d 459, 465(6th Cir. 2010).

4. This Court is the District Court and Division embracing Lake County, Ohio, where the Civil Action is currently pending.

5. Removal of this Civil Action is proper under 28 U.S.C. §§ 1441, *et seq.* If the action had originally been brought in this Court, this Court would have had original, federal question jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Removal of this Civil Action is also proper under 28 U.S.C. § 1332, as diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.

## Diversity of Citizenship

7. Plaintiff is a citizen and resident of the State of Ohio. (*See,* First Amended Complaint, ¶ 2). Alliance is a corporation existing by and through the laws of the State of Delaware and is headquartered in the State of Rhode Island. (*See,* First Amended Complaint, ¶ 3). Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state in which it is incorporated and of the state where it maintains its principal place of business. Therefore, Alliance is a citizen of the State of Deleware. Thus, there is complete diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(1).

## Amount In Controversy

8. Plaintiff alleges that Alliance willfully initiated up to fifty-five (55) separate "auto-dialed calls to the Plaintiff involving recorded messages, interactive messages and/or live human employees or agents, during 2012 and 2013." (*See,* First Amended Complaint, ¶ 15, 33). Plaintiff also alleges Defendant initiated three additional unsolicited auto-dialed calls in 2014

and one additional unsolicited auto-dialed call in 2015. (*See,* First Amended Complaint, ¶¶ 10-13). Thus, there are a total of between 39 and 59 calls alleged in the First Amended Complaint. Plaintiff seeks statutory damages of up to One-Thousand Five Hundred dollars ($1,500.00) per call for each violation of the TCPA (*See,* First Amended Complaint, ¶¶ 15-33).

9. Plaintiff alleges that each of the aforementioned calls violated numerous provisions of the TCPA and the implementing regulations, to-wit: 47 U.S.C. § 227(b)(1)(B); 47 U.S.C. § 227(b)(1)(A)(i); 47 U.S.C. § 227(b)(2) and (3); 47 C.F.R. §§ 64.1200(d)(4) and (d)(6). (*See,* First Amended Complaint ¶¶ 24-29).

10. For the alleged willful violation of 47 C.F.R. § 64.1200(d), if proven, Plaintiff would be entitled to damages for violation of these regulations in the amount of $1,500 for each of the 39-59 phone calls alleged or a range of between $58,500.00 and $88,500.00. *See,* Charvat v. GVN Michigan, Inc., 561 F.3d 623, 632 (6th Cir. 2009); *see also,* NMP, LLC, 656 F.3d at 448.

11. Also, if proven, Plaintiff could recover statutory damages of $1,500.00 for any willful or knowing violation of the automated-call requirements in 47 U.S.C. § 227(b)(3) and $1,500.00 for a willful or knowing violation of the do-not-call-list requirements in 47 U.S.C. § 227(c)(5) – even if both violations occurred in the same telephone call. *See,* NMP, LLC, 656 F.3d at 449. Accordingly, if proven, Plaintiff could recover between $117,000.00 and $177,000.00 for the 39 to 59 calls alleged. *Id.*

12. Plaintiff also alleges that Alliance violated the OCSPA with respect to the alleged calls by (1) "knowingly failing to comply with the TCPA and the regulations promulgated by the Federal Communications Commission" and (2) "by intentionally and deceptively unfairly concealing Defendant's identity when Defendants called Plaintiff's residential phone". (*See,* First Amended Complaint ¶ 41).

4

13. Because diversity of citizenship has been established, this Court must also consider Plaintiff's claims under the OCSPA. *See*, NMP, LLC, 656 F.3d at 446. Pursuant to NMP, LLC, Plaintiff could potentially recover two separate damage awards for each of the 39-59 calls at $200.00 each. *See*, NMP, LLC, 656 F.3d at 452. Potential recovery for these alleged violations of the OCSPA therefore range between an additional $15,600.00 and $23,600.00.

14. Additionally, Plaintiff's claim for damages based upon invasion of privacy may be included in the determination of the amount in controversy for purposes of determining jurisdiction as well as Plaintiff's claim for statutory attorney fees and costs pursuant to R.C. § 1345.09(F). *See*, NMP, LLC, 656 F.3d at 454-455.

15. Accordingly, Alliance had demonstrated that it is more likely than not that the amount in controversy in this Action exceeds $75,000.00.

16. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days of the First Amended Complaint being issued for service on Alliance by certified mail on or about November 13, 2015, and being served on Alliance on November 24, 2015.

17. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and other relevant documents served upon Alliance are attached hereto as **Exhibit 1**.

18. A true and correct copy of this Notice of Removal with accompanying exhibits and Notice of Removal of this Civil Action to Federal Court are being served upon Plaintiff and filed with the Court of Common Pleas of Lake County, Ohio in accordance with the provisions of 28 U.S.C. § 1446(d). *See,* Notice of Removal of this Civil Action to Federal Court, attached hereto as **Exhibit 3**.

5

**WHEREFORE,** based upon this Court's federal question jurisdiction and diversity jurisdiction, Defendant Alliance Security, Inc., files this Notice of Removal so that the entire state court action captioned *Bryan Anthony Reo v. Alliance Security Inc.,* Case No. 15-CV-001591 pending in the Court of Common Pleas of Lake County, Ohio, shall be removed to this Court for all further proceedings.

Respectfully submitted,

**ALLIANCE SECURITY, INC.**

By: SPILMAN THOMAS & BATTLE, PLLC

/s/ Michael G. Gallaway
Michael G. Gallaway (Ohio Bar No. 0034694)
1233 Main Street, Suite 4000
P.O. Box 831
Wheeling, WV 26003
304-230-6950
304-230-6951 Fax
mgallaway@spilmanlaw.com

Dated: December 11, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRYAN ANTHONY REO,**

    Plaintiff,

v.

**ALLIANCE SECURITY INC.,**

    Defendant.

Case No.

## CERTIFICATE OF SERVICE

I, Michael G. Gallaway, hereby certify that on December 11, 2015, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following and that I served the same upon Plaintiff by depositing the same in the United States mail, postage prepaid, addressed as follows:

> Brett A. Klimkowsky, Esquire
> P.O. Box 114
> Martin, OH 43445
> *Counsel for Plaintiff*

                         /s/ Michael G. Gallaway
                         Michael G. Gallaway (Ohio Bar No. 0034694)

8016063