## 15CV001591 REO, BRYAN ANTHONY vs . ALLIANCE SECURITY INC et al EAL

| | | | |
|---|---|---|---|
| **Case Type** | (CV) CIVIL | **Action:** | CIVIL |
| **Case Status:** | Open | **Status Date:** | 09/18/2015 |
| **File Date:** | 09/18/2015 | **Case Judge:** | LUCCI, EUGENE A. |
| **DCM Track:** | | **Next Event:** | |

All Information | Party | Docket | Disposition

### Docket Information

| Date | Docket Text |
|---|---|
| 09/18/2015 | Initial civil action deposit  Receipt: 320878  Date: 09/18/2015 |
| 09/18/2015 | Complaint, case designation sheet,  pre-trial order, filed.  Receipt: 320878  Date: 09/18/2015 |
| 09/22/2015 | Plaintiff has instructed the Clerk to refrain from service as Plaintiff will retain legal counsel who desires to conduct service of process through a process server, filed |
| 10/21/2015 | JOURNAL ENTRY FILED: In order to expedite the administration of this case to its proper conclusion, plaintiff is ordered to reissue service within 21 days of the date of this entry. Pursuant to rule 41(B)(1) of the Ohio Rules of Civil Procedure, the court also notifies plaintiff that any failure to comply with this order will result in the dismissal of this action without prejudice. It is so ordered. |
| 11/03/2015 | Plaintiff's first amended complaint, jury trial demand, filed. Attorney: KLIMKOWSKY, BRETT A (0090183) |
| 11/03/2015 | Instructions for service, filed. Attorney: KLIMKOWSKY, BRETT A (0090183) |
| 11/13/2015 | Copy of amended complaint issued by certified mail ##9414726699042051980558 to ALLIANCE SECURITY INC. |
| 11/30/2015 | Certified RR# 980556 ** to ALLIANCE SECURITY INC** returned and filed. Service date NO DATE GIVEN * |



FILED

2015 ___ ___ ___ 3: 18

## STATE OF OHIO
## IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
## CIVIL DIVISION

BRYAN ANTHONY REO
7143 Rippling Brook Lane
Mentor, Ohio 44060

     Plaintiff,

     v.

ALLIANCE SECURITY INC.
60 Jefferson Park Road
Warwick, Rhode Island 02888

     Defendant.

JASJIT GOTRA
60 Jefferson Park Road
Warwick, Rhode Island 02888

     Defendant.

15CV001591
**EUGENE A. LUCCI**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

JURY DEMAND REQUESTED

CIVIL COMPLAINT
(Unlawful Telemarketing)

## COMPLAINT

BRYAN ANTHONY REO (Plaintiff), alleges the following against ALLIANCE
SECURITY INC. and JASJIT GOTRA (Defendants):

1

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, *47 U.S.C. 227 et seq.* (TCPA), and the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *47 U S C. 227(3)(a)*, which states "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

3. Because Defendants conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *47 U.S C  227(3)(a)*.

## PARTIES

5. Plaintiff is a natural person who resides in Mentor, Lake County, Ohio and is being called by Defendants in violation of the TCPA, and Plaintiff is a "person" as that term is used in *47 U S C. 227(3)*.

6. Pursuant to the definitions outlined in *47 U.S C. 227a(1-5)*, Defendants are engaged in electronic telecommunication solicitation for the purpose of delivering unsolicited auto-dialed recorded messages directed to Plaintiff on his telephone in express violation of *47 U.S C. 227b(3)*.

7. Defendant ALLIANCE SECURITY INC. is a foreign corporation headquartered in Warwick, Rhode Island.

2

8. Upon information and belief, Defendant JASJIT GOTRA is a natural person and the president of Alliance Security Inc .who conducts business in Warwick, Rhode Island and throughout the state of Ohio.

9. Defendants are engaged in the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, and is engaged in "telephone solicitation" as that term is defined by *47 U.S C 227a(4)*.

10. Defendants are telephone solicitors that in the ordinary course of business, regularly, on behalf of itself or others, engages in telephone solicitation.

## FACTUAL ALLEGATIONS

11. Defendants contacted Plaintiff on 23rd April 2014 at approximately 7:27 pm EST and initiated an unsolicited auto-dialed sales call involving an interactive message recording. Defendants used an Automated Telephone Dialing System [ATDS] which has the capability for predictive dialing. This was evidenced by the perceptible delay after Plaintiff said "hello?" but before the Defendants came on the call. Plaintiff recorded the entirety of this call and will be entering it as evidence. A screenshot of the caller ID displaying the information associated with the call that was displayed on Plaintiff's caller ID is attached as Exhibit 1.

12. Plaintiff attempted to ask questions that the interactive program was not able to deal with and the interactive program, a female voice, simply continued on with the programmed script and did not answer Plaintiff's questions.

13. Defendants' interactive message identified themselves as being with "Home Protection."

14. Defendants asked Plaintiff questions about whether or not he had an alarm system.

15. The interactive message had no opportunity to opt out and to avoid being called in the future.

16. Because of the lack of an opt-out feature and because no call-back number was given, Plaintiff said "yes" when the interactive recording asked if he would stand by and wait for a call from a human sales rep.

17. Defendant again contacted Plaintiff on 23rd April 2014 at approximately 7:30 pm EST and initiated an auto-dialed sales call to Plaintiff. This call consisted of an interactive message interacting with Plaintiff with the recording identifying with the name "Daniel" with "Alliance Security." Plaintiff recorded the entirety of this call and will be entering it as evidence. A screenshot of the caller ID displaying the information associated with the call that was displayed on Plaintiff's caller ID is attached as Exhibit 2.

18. Plaintiff made a "do not call" request and asked to be placed on Defendants' internal do not call list. Plaintiff said "no more calls" before terminating the call.

19. Defendants again contacted Plaintiff on 13th May 2014 at approximately 4:11 pm EST and initiated an auto-dialed sales call that played an interactive message offering Plaintiff security alarm services. The interactive message falsely claimed to be a real person when Plaintiff asked "are you a real person" but was unable to answer specific questions such as "who is the alarm from?" with the interactive message only able to respond "that's a great question for the specialist" and being unable to answer questions related to issues that the program was not scripted to handle. Plaintiff recorded the entirety of this call and will be entering it as evidence. A screenshot of the caller ID displaying the information associated with the call that was displayed on Plaintiff's caller ID is attached as Exhibit 3.

4

20. Defendants again contacted Plaintiff on 8th July 2015, initiating an auto-dialed sales call that involved an interactive message that was unable to address specific questions Plaintiff had, only giving unrelated answers. Plaintiff asked "what sort of General Electric alarm is this? I didn't know GE made alarms for homes" and the interactive message responded by stating "crime is on the rise, criminals are circumventing alarms, it is time to upgrade" which has nothing to do with addressing Plaintiff's statements. Plaintiff recorded the entirety of this call and will be entering it as evidence.

21. Defendants spoofed the caller ID and displayed fake numbers and fake business names with all of the relevant calls.

22. Defendants contacted Plaintiff despite the fact that Plaintiff's number has been registered with the FCC's National "Do Not Call" Registry for quite some time.

23. Defendants deliver unsolicited and unauthorized calls to Plaintiff at telephone number: 440-352-6060. Plaintiff's phone.

24. Defendants made calls to Plaintiff from, amongst others, telephone number 412-430-5584, 214-447-7468, and 815-687-8515.

25. All the calls that Plaintiff recorded were made with an ATDS that has the capacity to store and randomly generate numbers for dialing. The use of an auto-dialer is evidenced by the messages being recordings, interactive recordings, and perceptible delays between Plaintiff answering the phone and saying "hello?" and the Defendants' message actually beginning to play.

26. Based upon information and belief, Defendants initiated at least 30 separate auto-dialed calls involving recorded messages, interactive messages, and some live human

employees, to Plaintiff, during 2012 and 2013, many under the business name of VMS, Versatile Market Solutions, which has since been changed to Alliance Security Inc.

## COUNT I
## DEFENDANTS VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

27. Defendants violated the TCPA based on the following:

   a. Defendants violated *§227(b)(1)* of the TCPA by engaging in conduct the natural consequence of which was to utilize Plaintiff's phone resources and rob him of his time.

   b. Defendants violated *§227(b)(1)* of the TCPA by causing a phone to ring and engaging Plaintiff with unsolicited unauthorized auto-dialed sales calls.

   c. Furthermore, Plaintiff alleges that the violation was willful with a disregard to TCPA and the Do Not Call registry. Defendants lacked express prior written consent to contact Plaintiff with calls delivered by an auto-dialer. Furthermore, Plaintiff is on the National Do Not Call Registry and the Defendants, being tele-marketers, are expected to conform to and abide by the rules and regulations for telemarketing.

   d. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007).

   e. Defendants committed 4 violations of Count I.

## COUNT II

6

### DEFENDANTS VIOLATED 47 CFR 64.1200(d)(6)

28. Defendants violated 47 CFR 64.1200(d)(6) based on the following:

    a. Defendants violated *47 C.F.R.* 64.1200(d)(6), by failing to maintain a do-not call list. Specifically they called Plaintiff despite his number being on the National Do Not Call Registry and despite his specific do not call requests.

    b. Furthermore, Plaintiff alleges that the violation was willful with a disregard to the TCPA and the relevant section of the CFR. The Defendants have the ability to obtain the National Do Not Call list and to scrub their calling database against it. They certainly have the ability to maintain their own internal do not call list and honor do not call requests they receive.

    c. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan*, 879 N.E.2d 765, 770 (Ohio 2007).

    d. Defendants committed 4 violations of Count II.

### COUNT III
### DEFENDANTS VIOLATED 47 CFR 64.1200(d)(4)

29. Defendants violated 47 CFR 64.1200(d)(4) based on the following:

    a. Defendants violated *47 C F R* 64.1200(d)(4), by spoofing the caller ID with fake numbers and fake names such that Plaintiff had difficulty in tracking them down. Their recordings also failed to divulge addresses or call-back numbers.

    b. Furthermore, Plaintiff alleges that the violation was willful with a disregard to the TCPA and the relevant section of the CFR. The Defendants have the ability to

decide whether or not to make the necessary disclosures required under the law.

   c. For the purposes of the law this violation was willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007).

   d. Defendants committed 8 violations of Count III.

## COUNT IV
## DEFENDANTS VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT

30. Defendants violated the OCSPA based on the following:

   a. Defendants violated the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B) by "knowingly failing to provide disclosures required under state and federal law" in that they did not provide a phone number nor an address where they could be reached.

   b. Furthermore, Plaintiff alleges that the violation was willful with a disregard to the TCPA. Defendants have the ability to decide whether or not to make a meaningful disclosure as required under the relevant law.

   c. For the purposes of the law this violation was willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan*, 879 N.E.2d 765, 770 (Ohio 2007).

   d. Defendants committed 8 violation of Count IV.

## COUNT V
## DEFENDANTS VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT

8

31. Defendants violated the OCSPA based on the following:

    a. Defendants violated the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B) by violating the Telephone Consumer Protection Act such that each violation of the TCPA is also a per se violation of the OCSPA.

    b. Furthermore, Plaintiff alleges that the violation was willful with a disregard to the TCPA. Defendants have the ability to decide whether or not they will dispatch a copy of their policies upon request.

    c. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007).

    d. Defendants committed 16 violations of Count V.

    WHEREFORE, Plaintiff, BRYAN ANTHONY REO respectfully requests judgment be entered against ALLIANCE SECURITY INC. and JASJIT GOTRA for the following:

32. Statutory damages of $500.00 for the aforementioned violations of the Telephone Consumer Protection Act, *47 U.S.C. 227(c)(5)*, for a total amount of $8,000.00 dollars in damages from the TCPA violations.

33. Treble damages for all TCPA violations, for a total amount of $24,000.00 dollars in damages from the TCPA violations.

34. Statutory damages of $200.00 for the violations of the Ohio Consumer Sales Protection Act, ORC 1345.09 for a total amount of $4,800.00 in damages from the OCSPA violations..

9

35. Treble damages for all OCSPA violations, for a total amount of $14,400.00 dollars in damages from the OCSPA violations.

36. The total amount in damages [presently **$38,400.00** dollars] may be modified at a later date after discovery when Plaintiff has obtained specific and exact records from the Defendants as to all calls initiated in recent months, as the offenses occur when the calls are initiated, not when they are received, and Plaintiff, upon information and belief, believes that the Defendants have initiated dozens [possibly hundreds] of additional calls from 2011, 2012, 2013, and 2014. Plaintiff will be using discovery to obtain dialing records from the Defendants covering the previous four years as allowed by the statute of limitations of the TCPA. Based upon the volume and frequency of calls Plaintiff may also seek to amend his complaint to allege causes of action for nuisance per se, intrusion on seclusion, and invasion of privacy, if discovery shows an amount or frequency of calls that could reasonably support such claims.

37. Any applicable legal fees, filing fees, court costs, and other associated fees that Plaintiff may incur from bringing forth and conducting this complaint. Plaintiff may also be retaining legal counsel and will then be seeking the award of Attorney's fees pursuant to the Ohio Consumer Sales Practices Act which provides for a mandatory award of attorney's fees to any plaintiff who prevails in an OCSPA action.

38. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, BRYAN ANTHONY REO, requests a jury trial in this case.

RESPECTFULLY SUBMITTED,

_Bryan Reo_ 9/18/2015

Bryan Anthony Reo
7143 Rippling Brook Lane
Mentor, Ohio 44060
Phone (440) 313-5893
E-Mail: breo08@jcu.edu
Plaintiff

11



Exhibit 2

# COMMON PLEAS COURT
## LAKE COUNTY OHIO

Case Designa~

BRYAN ANTHONY REO

VS

ALLIANCE SECURITY INC

**15CV001591**

**EUGENE A. LUCCI**

Per Loc R II (C)(3), refiling of cases previously dismissed under Civ R 41 must have a ~~~~ upon the face of the complaint that the action is being refiled  The word "REFILING" must appear in capital letter under the word "COMPLAINT"  Directly beneath the word "REFILING" the complaint shall identify the case number of this dismissed action  **Former case no.** _____

---

### Case Categories  (Mark one category only)

- ☐ Administrative Appeal (Specific ORC Sec )     Section _____
- ☐ Consumer Action - ORC 1345
- ☐ Contract or Quasi Contract
- ☐ Criminal
- ☐ Declaratory Judgment
- ☐ Foreclosure
- ☐ Foreign Judgment
- ☐ Malpractice (specify) _____
- ☐ Credit Card (CI)
- ☐ Personal Injury
- ☐ Product Liability
- ☐ Professional Tort
- ☐ Provisional Remedy (Replevin, Attachment, Garnishment)
- ☐ Workers Compensation
- ☐ Other Tort _____
- ☒ Other Civil     TELEPHONE CONSUMER PROTECTION ACT

The designation "money only" may not be used if one of the above specific categories is applicable  Further, the caption shall note any statutory provision this is unique to the particular cause and controls the time within which the case is to proceed, once filed  (Ex Miscellaneous - Contest of Election (O R C  Section 3515 10 - Hearing within 30 days )

Revised Code Section unique to this particular cause which controls the time within which the case is to proceed     _____

_Bryan Reo_ _____

Bryan Anthony Reo

7143 Rippling Brook Lane  Mentor, Ohio

440-313-5893

(Signature)

(Printed name and    Registration No )

(Firm Name and Address)

(Telephone Number)

_(stamp)_ LAKE ... 2015 SEP 18 P 3 18  FILED

# MAUREEN G. KELLY

## CLERK OF COURTS

### Lake County Common Pleas Court

### ATTENTION ALL PARTIES TO THE CASE

Whether you are represented by an Attorney or representing yourself in this Legal action, LAKE COUNTY LOCAL COURT RULES require that all participants familiarize themselves with, and follow the requirements of each court.

Pre-trial orders and procedures are available on our website at

### www.lakecountyohio.gov/coc

### Select DOWNLOADS

### Scroll to PRE-TRIAL ORDERS

Select the appropriate pre-trial order/procedure for YOUR respective case and Judge.

If you are unable to access or unclear as to which pre-trial order/procedure applies to you, contact the Office of the Clerk of Courts, New Case Department (440.350.2657) during normal business hours and a copy will be immediately mailed to you.

**Maureen G. Kelly, Clerk of Courts**
Revised 7/1/2013 Pretrial orders

**STATE OF OHIO**
**IN THE COURT OF COMMON PLEAS OF LAKE COUNTY**
**CIVIL DIVISION**

BRYAN ANTHONY REO )
7143 Rippling Brook Lane )
Mentor, Ohio 44060 )
)                    Case No: 15CV001591
)
Plaintiff, )
)                    Judge: Eugene A. Lucci
)
)                    SERVICE INSTRUCTIONS TO CLERK
)
v. )
)
ALLIANCE SECURITY INC. )
60 Jefferson Park Road )
Warwick, Rhode Island 02888 )
)
Defendant. )
)
JASJIT GOTRA )
60 Jefferson Park Road )
Warwick, Rhode Island 02888 )
)
Defendant. )

<u>**SERVICE INSTRUCTIONS TO CLERK**</u>

Plaintiff respectfully requests that the Clerk refrain from conducting service as Plaintiff is in the process of retaining legal counsel who desires to conduct service of process through a process server.

RESPECTFULLY SUBMITTED,

Bryan Reo        9/22/2015

Bryan Anthony Reo
7143 Rippling Brook Lane
Mentor, Ohio 44060
Phone (440) 313-5893
E-Mail: breo08@jcu.edu
Plaintiff

JOURNALIZED

1

## IN THE COURT OF COMMON PLEAS
## LAKE COUNTY, OHIO

**FILED**

**BRYAN ANTHONY REO** )  CASE NO.   15CV001591

) 2015 OCT 22 A 9 59
Plaintiff(s) )  **JUDGE EUGENE A. LUCCI**
MAUREEN G. KELLY
) LAKE CO. CLERK OF COURT
vs. )  <u>ORDER AND NOTICE TO</u>
<u>PLAINTIFF TO REISSUE</u>
**ALLIANCE SECURITY INC.**, *et al.* )  <u>SERVICE</u>
{CIVIL RULE 41(B)}
Defendant(s) )

The complaint in this case was filed September 18, 2015.  Service has not been obtained upon the defendants.  Nothing has been filed since September 22, 2015.

In order to expedite the administration of this case to its proper conclusion, plaintiff is ordered to reissue service within 21 days of the date of this entry.

Pursuant to Rule 41(B)(1) of the Ohio Rules of Civil Procedure, the court also notifies plaintiff that any failure to comply with this order will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED**.

EUGENE A. LUCCI, JUDGE

c:    Bryan Anthony Reo

JOURNALIZED 10·22·15

**STATE OF OHIO**
**IN THE COURT OF COMMON PLEAS OF LAKE COUNTY**
**CIVIL DIVISION**

| | |
|---|---|
| **BRYAN ANTHONY REO**<br>7143 Rippling Brook Lane<br>Mentor, OH 44060<br><br>Plaintiff,<br><br>v.<br><br>**ALLIANCE SECURITY INC.**<br>c/o National Registered Agents, Inc.<br>1300 East Ninth Street<br>Cleveland, OH 44114<br><br>Defendant. | Case No. 15CV001591<br><br>Hon. Eugene A. Lucci<br><br> |

**KLIMKOWSKY LAW, LLC**
By: Brett A. Klimkowsky (#90183)
P.O. Box 114
Martin, OH 43445
(P): (419) 360-1738
(F): (855) 589-8543
(E): brett1066@gmail.com
*Attorney for Bryan Anthony Reo*

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
**(JURY TRIAL ENDORSED HEREON)**

---

NOW COMES Bryan Anthony Reo ("Plaintiff"), by and through the undersigned

attorney, and hereby propounds upon Alliance Security Inc. ("Defendant") and this Honorable

Court Plaintiff's First Amended Complaint:

## I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Ohio Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq.* ("OCSPA"), as well as related common law claims.

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

3. Defendant is a corporation existing by and through the laws of the State of Delaware, which does business in the State of Ohio as a registered foreign corporation: Defendant maintains as its Ohio registered agent National Registered Agents, Inc., 1300 East Ninth Street, Cleveland, OH 44114.

## III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 47 U.S.C. § 227. R.C. § 2305.01; 47 U.S.C. § 227(b)(3)(a).

5. This Court enjoys personal jurisdiction over Defendant because Defendant transacted business in the State of Ohio thereby causing Plaintiff's causes of action against Defendant to arise and because Defendant caused tortious injury to Plaintiff in the State of Ohio by an act outside of the State of Ohio that was committed by Defendant with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

2

## IV. STATEMENT OF FACTS

7.  Plaintiff maintains at all times relevant to this Complaint a residential telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); to wit: (440) 352-6060.

8.  Plaintiff's residential telephone line has been listed on the national Do Not Call Registry since before Defendant called Plaintiff's residential telephone line as detailed in this Complaint.

9.  Upon information and belief, Defendant made telephone calls to Plaintiff's residential telephone from—but not limited to—the following telephone numbers: (412) 430-5584, (214) 447-7468, and (815) 687-8515.

10. Defendant called Plaintiff's residential telephone on April 23, 2014, at approximately 7:27 p.m. EST and initiated an unsolicited auto-dialed sales call involving an interactive recorded message. Defendant used an Automated Telephone Dialing System ("ATDS") which has the capability for predictive dialing—this is evidenced by the perceptible delay after Plaintiff said "Hello?" but before Defendant came on the call. Plaintiff attempted to ask questions that the interactive program was not able to comprehend and said program—using a female voice— simply continued with its pre-programmed script and disregarded Plaintiff's questions. Defendant's interactive message identified the caller as representing "Home Protection," and proceeded to ask questions about whether or not Plaintiff owned a home alarm system. Defendant's interactive recorded message did not present an opportunity by which Plaintiff could opt out of being called in the future.

11. Defendant called Plaintiff's residential telephone on April 23, 2014, at approximately 7:30 p.m. EST and initiated an unsolicited auto-dialed sales call involving an interactive recorded message. Defendant used an ATDS—this is evidenced by the perceptible delay after Plaintiff said "Hello?" but before Defendant came on the call. Plaintiff attempted to ask

questions that the interactive program was not able to comprehend and said program—using a male voice—simply continued with its pre-programmed script and disregarded Plaintiff's questions.  Defendant's interactive message identified the caller as representing "Alliance Security" and being named "Daniel." Defendant's interactive recorded message did not present an opportunity by which Plaintiff could opt out of being called in the future, but Plaintiff informed the interactive message program that Plaintiff did not authorize Defendant to call Plaintiff in the future.

12. Defendant called Plaintiff's residential telephone on May 13, 2014, at approximately 4:11 p.m. EST and initiated an unsolicited auto-dialed sales call involving an interactive recorded message.  Defendant used an ATDS—this is evidenced by the perceptible delay after Plaintiff said "Hello?" but before Defendant came on the call and also by the interactive message program falsely claiming to be a real person when Plaintiff asked "Are you a real person?" but said program was unable to answer specific questions such as "Who is the alarm from?" and by the program always responding "That's a great question for the specialist." whenever Plaintiff asked a question related to the alarm system.

13. Defendant called Plaintiff's residential telephone on July 8, 2015, and initiated an unsolicited auto-dialed sales call involving an interactive recorded message.  Defendant used ATDS—this is evidenced by the perceptible delay after Plaintiff said "Hello?" but before Defendant came on the call and also by the interactive message program giving unrelated answers to questions asked by Plaintiff about the alarm system Defendant was trying to sell to Plaintiff.

14. For all calls made to Plaintiff by Defendant, the caller identification was deceptively spoofed by Defendant insofar as fake numbers and fake business names were displayed on

4

Plaintiff's telephone's caller identification display. The telephone calls were made by Defendant or Defendant's agent as evidenced by the callers attempting to sell Defendant's goods or services to Plaintiff.

15. Upon information and belief, Defendant initiated thirty-five (35) to fifty-fife (55) separate auto-dialed calls to Plaintiff involving recorded messages, interactive messages, and/or live human employees or agents, during 2012 and 2013.

16. Defendant called Plaintiff's residential telephone for the purpose of encouraging the purchase or rental of, or investment in, goods or services, which is transmitted to any person, thereby engaging in "telephone solicitation" as that term is defined by 47 U.S.C. § 227(a)(4).

17. Upon information and belief, Defendant regularly, on behalf of itself or others, engages in telephone solicitation as a matter of business practice.

18. All telephone calls made by Defendant to Plaintiff were intrusive, disruptive, and annoying.

19. Plaintiff does not have any relationship with Defendant and Plaintiff never provided Defendant with express consent for Defendant to call Plaintiff's residential telephone.

20. All telephone calls made by Defendant to Plaintiff as described in this Complaint constitute commercial advertising.

21. As a direct and proximate result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

### V. CAUSES OF ACTION

#### COUNT I
#### STATUTORY VIOLATIONS OF THE TCPA

22. Plaintiff incorporates by reference Paragraphs 1-21 and 34-46 of this Complaint as if each is set forth herein.

23. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

24. It is a violation of the TCPA to initiate any telephone call to a person's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B).

25. Defendant placed calls to Plaintiff's residential telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), which had the natural consequence of utilizing Plaintiff's residential telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

26. Defendant conveyed and delivered artificial and/or prerecorded voice messages to Plaintiff's residential telephone in violation of the TCPA. 47 U.S.C. § 227(b)(1)(B).

27. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's residential telephone line when the recipient of the telephone call has informed the caller that they wish to not receive calls for a commercial purpose. 47 U.S.C. § 227(b)(2) and (3); 47 CFR 64.1200(d)(6).

28. Defendant violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents.

29. Defendant violated 47 C.F.R. § 64.1200(d)(4) by spoofing the caller identification with fake numbers and fake names in attempt to confuse Plaintiff and induce Plaintiff to answer Plaintiff's residential telephone when Defendant illegally called Plaintiff. Additionally, Defendant's phone calls to Plaintiff failed to divulge addresses or proper call-back numbers.

30. Defendant violated the TCPA when Defendant called Plaintiff's residential telephone more than one (1) time over the course of a twelve (12) month period and violated provisions of the TCPA during said telephone calls.

31. Defendant negligently violated the TCPA in relation to Plaintiff.

32. As a result of Defendant's negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every call in violation of the provisions of the TCPA.  47 U.S.C. § 227(b)(3) and (c)(5).

33. In the alternative to the *scienter* of negligence, Defendant has willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per call in violation of said statute.  47 U.S.C. § 227(b)(3) (see *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law).

## COUNT II
## STATUTORY VIOLATIONS OF THE OCSPA

34. Plaintiff incorporates by reference Paragraphs 1-33 and 42-46 of this Complaint as if each is set forth herein.

35. Defendant is a "person" as defined by R.C. § 1345.01(B).

36. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

37. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

38. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendant solicited Plaintiff via phone to purchase goods or services as detailed within this Complaint.

39. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with the

7

TCPA and the regulations promulgated by the Federal Communication Commissions, as well as by Defendant intentionally and deceptively and unfairly concealing Defendant's identity when Defendant called Plaintiff's residential telephone.

40. Defendant proximately caused damages to Plaintiff and Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages. R.C. § 1345.09(B).

41. Since Defendant knowingly committed an act or practice that violates the OCSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F)(2).

## COUNT III
### COMMON LAW NEGLIGENCE PER SE

42. Plaintiff incorporates by reference Paragraphs 1-41 of this Complaint as if each is set forth herein.

43. Defendant owed Plaintiff a duty of care; to wit: to not harass Plaintiff by violating provisions of the TCPA.

44. Defendant breached its duty of care to Plaintiff; to wit: Defendant harassed Plaintiff when Defendant violated provisions of the TCPA.

45. Defendant proximately and directly caused Plaintiff to suffer damages via Defendant's breach of its duty of care it owed to Plaintiff; to wit: Plaintiff suffered mental anguish in the form of irritation, frustration, and vexation due to the invasion of Plaintiff's privacy interests as codified by the TCPA.

46. Defendant committed against Plaintiff the common law tort of negligence per se.

### IV. PRAYER FOR RELIEF

8

WHEREFORE, Plaintiff prays that this Court will:

1. Enter judgment against Defendant in Plaintiff's favor in an amount of money that exceeds twenty-five thousand dollars ($25,000.00) for general damages, statutory damages, treble damages, attorney's fees, and costs; and

2. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

Respectfully submitted,

KLIMKOWSKY LAW, LLC

Brett A. Klimkowsky (#0090183)
P.O. Box 114
Martin, OH 43445
(P): (419) 360-1738
(F): (855) 589-8543
(E): brett1066@gmail.com
*Attorney for Bryan Anthony Reo*

Dated: October 17, 2015

**JURY TRIAL DEMAND**

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

Brett A. Klimkowsky (#0090183)
P.O. Box 114
Martin, OH 43445
(P): (419) 360-1738
(F): (855) 589-8543
(E): brett1066@gmail.com

9

*Attorney for Bryan Anthony Reo*

Dated:  October 17, 2015

# FILED

Time _____

NOV 0 3 2015

MAUREEN G. KELLY
Clerk of Courts
Deputy _____

FILED

2015 OCT 26  P 1: 03

MAUREEN G KELLY
LAKE CO. CLERK OF COURT

## Maureen G. Kelly
## Clerk Of Common Pleas Court
Lake County Courthouse West Annex, 25 North Park Place
Painesville OH 44077
440-350-2657

In The Court Of Common Pleas
General Division
Lake County, Ohio

Caption: Bryan Anthony Rea _____          Case No. 15CV001591 _____
vs
Alliance Security Inc _____

Instruction For Service
(General)

To The Clerk.
You are hereby instructed to serve the following parties by

_____ **Regular Mail**

X _____ Certified Mail

_____ Sheriff Of County          ( ) Residence          ( ) Personal

_____ Process Server

With the following paper

_____ Regular Summons (28 Days)

_____ Amended Complaint Summons

_____ Answer and Counterclaim or Third Party Summons

_____ Other

                    _____ With Journal Entry

                    _____ Without Journal Entry

Name of pleadings: Plaintiff's Amended Complaint _____

_____

_____

Name and Address

Party Alliance Security, Inc  c/o National Registered Agents, Inc , 1300 East Ninth St ,Cleveland, OH 44114

Party _____

Party _____

Party _____

Prepared By. Brett A Klimkowsky (0090183) _____

Address: P O Box 114 _____

Martin, OH 43445 _____

Telephone 419-360-1738 _____