IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRYAN ANTHONY REO,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No.: 1:15-cv-2572 |
| v. | : | |
| | : | Judge James S. Gwin |
| **ALLIANCE SECURITY INC.,** | : | Magistrate Judge William H. Baughman |
| | : | |
| Defendant. | : | |

### Answer

Defendants Alliance Security, Inc. ("Alliance"), by its undersigned counsel, hereby responds to the Plaintiff's First Amended Complaint ("Complaint") in this civil action as follows:

1.  Alliance responds that Paragraph 1 of the Plaintiffs' Complaint does not contain actionable allegations and does not require a response. To the extent that a response is required, Alliance denies the allegations in Paragraph 1.

2.  Alliance is without knowledge sufficient to admit or deny the allegations in Paragraph 2 of the Complaint.

3.  Alliance admits the allegations in Paragraph 3 of the Complaint.

4.  Alliance admits the allegations in Paragraph 4 of the Complaint.

5.  Alliance denies the allegations in Paragraph 5 of the Complaint.

6.  Alliance is without knowledge sufficient to admit or deny the allegations in Paragraph 6 of the Complaint.

7.  Alliance is without knowledge sufficient to admit or deny the allegations in Paragraph 7 of the Complaint.

8. Alliance is without knowledge sufficient to admit or deny the allegations in Paragraph 8 of the Complaint and denies making the calls alleged.

9. Alliance denies the allegations in Paragraph 9 of the Complaint.

10. Alliance denies the allegations in Paragraph 10 of the Complaint.

11. Alliance denies the allegations in Paragraph 11 of the Complaint.

12. Alliance denies the allegations in Paragraph 12 of the Complaint.

13. Alliance denies the allegations in Paragraph 13 of the Complaint.

14. Alliance denies the allegations in Paragraph 14 of the Complaint.

15. Alliance denies the allegations in Paragraph 15 of the Complaint.

16. Alliance denies the allegations in Paragraph 16 of the Complaint.

17. Alliance denies the allegations in Paragraph 17 of the Complaint. Alliance admits that it does make telemarketing calls to phone numbers identified as potential customer leads by outside independent contractors.

18. Alliance denies the allegations in Paragraph 18 of the Complaint.

19. Alliance is without knowledge sufficient to admit or deny the allegations in Paragraph 19 of the Complaint and denies making the calls alleged.

20. Alliance denies the allegations in Paragraph 20 of the Complaint.

21. Alliance denies the allegations in Paragraph 21 of the Complaint.

22. Alliance restates its prior answers and responses as if fully set forth herein.

23. The statement of law does not require a response

24. The statement of law does not require a response.

25. Alliance denies the allegations in Paragraph 25 of the Complaint.

26. Alliance denies the allegations in Paragraph 26 of the Complaint.

27. The statement of law does not require a response.

28. Alliance denies the allegations in Paragraph 28 of the Complaint.

29. Alliance denies the allegations in Paragraph 29 of the Complaint.

30. Alliance denies the allegations in Paragraph 30 of the Complaint.

31. Alliance denies the allegations in Paragraph 31 of the Complaint.

32. Alliance denies the allegations in Paragraph 32 of the Complaint.

33. Alliance denies the allegations in Paragraph 33 of the Complaint.

34. Alliance restates its prior answers and responses as if fully set forth herein.

35. Alliance admits the allegations in Paragraph 35 of the Complaint.

36. Alliance denies the allegations in Paragraph 36 of the Complaint.

37. Alliance denies the allegations in Paragraph 37 of the Complaint.

38. The statement of law does not require a response.

39. Alliance denies the allegations in Paragraph 39 of the Complaint.

40. Alliance denies the allegations in Paragraph 40 of the Complaint.

41. Alliance denies the allegations in Paragraph 41 of the Complaint.

42. Alliance restates its prior answers and responses as if fully set forth herein.

43. Alliance denies the allegations in Paragraph 43 of the Complaint.

44. Alliance denies the allegations in Paragraph 44 of the Complaint.

45. Alliance denies the allegations in Paragraph 45 of the Complaint.

46. Alliance denies the allegations in Paragraph 46 of the Complaint.

47. Alliance denies that the Plaintiff is entitled to recover any damages upon any claim or theory whether identified in his Complaint or otherwise.

48. Alliance denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff's claims against Alliance are barred, in whole or in part, to the extent they allege injuries, damages, or losses were directly and proximately caused by the intervening, superseding acts and conduct of others over whom Alliance had no control.

3. Alliance acted in good faith and had reasonable grounds for believing that its conduct did not violate any law, and Alliance's conduct did not violate any law as alleged.

4. Plaintiff's claims and causes of action are barred, in whole or in part, because Alliance complied with all applicable federal, state, local, and statutory laws and industry standards.

5. Alliance is entitled to the benefit of all defenses and presumptions contained in or arising from any rule of law or statute.

6. Alliance intends to rely on all defenses available from the evidence at the time of trial, and expressly reserves the right to assert such defenses as more facts become known.

7. A person or entity other than Alliance is responsible for placing one or more of the telephone calls at issue in this civil action.

8. Alliance has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA.

9. Plaintiff's claims are barred because Alliance did not engage in negligent, willful, and/or intentional misconduct.

10. Alliance reserves the right to assert all available affirmative defenses, whether or not they have been specifically asserted herein, including, but not limited to, the defenses set forth in Rules 8(c) and 12 of the Federal Rules of Civil Procedure.

11. The causes of action for alleged violations of the Code of Federal Regulations should be dismissed because the Code of Federal Regulations provisions at issue are contrary to the enabling statute and exceed the scope of the FCC's authority to promulgate the regulations at issue.

12. Plaintiff's claim for attorney's fees should be stricken as they are not recoverable under the TCPA, the enabling statute.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendant Alliance Security, Inc. prays that this Court will dismiss this suit with prejudice and grant such other and further relief as it deems just and proper.

Respectfully submitted,

**ALLIANCE SECURITY, INC.**

By: SPILMAN THOMAS & BATTLE, PLLC

/s/ Michael G. Gallaway
Michael G. Gallaway (Ohio Bar No. 0034694)
1233 Main Street, Suite 4000
P.O. Box 831
Wheeling, WV  26003
304-230-6950
304-230-6951 Fax
mgallaway@spilmanlaw.com

Dated:  December 18, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRYAN ANTHONY REO,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:15-cv-2572 JG |
| v. | : | |
| | : | |
| **ALLIANCE SECURITY INC.,** | : | |
| | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

I, Michael G. Gallaway, hereby certify that on December 18, 2015, I electronically filed the foregoing **Answer** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following and that I served the same upon Plaintiff by depositing the same in the United States mail, postage prepaid, addressed as follows:

Brett A. Klimkowsky, Esquire
P.O. Box 114
Martin, OH  43445
*Counsel for Plaintiff*


/s/ Michael G. Gallaway
Michael G. Gallaway (Ohio Bar No. 0034694)

8016063